## HUDSON v. HUDSON.

No. 15021.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 11, 1949.

Donald G. Gay, of Dallas, for appellant.

G. H. Crane, of Dallas, for appellee.

HALL, Justice.

This is a divorce case. Appellant, William M. Hudson, was sued by his wife, appellee, Lenora M. Hudson, in a district court of Dallas County, Texas, for divorce, custody of minor child, a girl twelve years of age, for alimony pending suit, and that the home, furniture and fixtures be set aside to her for life. Both parties concede that the judgment for divorce and custody of the minor child should not be disturbed.

Appellant complains of the judgment entered by the trial court under the following four points:

"1. The Court erred in failing to decree a division of the estate of the parties.

"2. The Court erred in setting aside, for the use and benefit of plaintiff, the community homestead of the parties.

"3. The Court erred in awarding the plaintiff personal judgment against defendant for unpaid alimony accrued under orders of the court made prior to the entry of judgment.

"4. The Court erred in decreeing that one-half of future upkeep on the homestead be charged against defendant."

We find it necessary to reverse and remand a portion of the judgment for some of the reasons enumerated in appellant's points because of ambiguous and uncertain terms, to-wit:

(1) "Further the order-judgment and decree of the court the home-house and premises and household goods-kitchen utensils-located at 4116 McKinney Ave-Dallas-Texas-be and the same are hereby set aside for the use of and benefit of the plaintiff—until Martha Ann Hudson reaches the age of 18 years or marries and or until the plaintiff herein remarries." This part of the judgment should be re-worded in order to show more clearly, (a) the legal description of the property; (b) determination or proper disposal of the property after one of the contingencies has elapsed terminating the encumbrance against said property; and (c) make more specific when appellee's use of the homestead will terminate.

(2) The following portion of the judgment should be stricken: "* * *

and the plaintiff-Lenora M. Hudson is hereby given and awarded judgment over and against the said defendant in the sum of $330.00 as unpaid alimony." While it is true that the trial court has wide power and discretion in dividing the estate between the parties, yet it has been held that alimony pending suit is not a debt to be enforced by execution. Beeler v. Beeler, Tex.Civ.App., 218 S.W. 553; Bagby v. Bagby, Tex.Civ.App., 186 S.W.2d 702.

■ (3) The following portion of the judgment should be stricken: " * * * one-half of future * * * upkeep of said property be and the same are hereby taxed and charged against the said defendant-William H. Hudson" because of its uncertainty. Burrage v. Hunt Production Co., Tex.Civ.App., 114 S.W.2d 1228, writ dismissed; 25 Tex.Jur. 456.

We affirm that portion of the trial court's judgment granting a divorce to appellee and granting her the care, custody and control of the minor child; as to the other portion of the judgment we reverse and remand for new trial in accordance with this opinion.

Affirmed in part; reversed and remanded in part.