Paul E. BRUNELL, Appellant,

v.

Janet A. BRUNELL, Appellee.

No. 18068.

Court of Civil Appeals of Texas,
Dallas.

May 10, 1973.

Herbert Green, Jr., Dallas, for appellant.

Ed M. Brown, Brown & Moore, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

Janet A. Brunell instituted this action in which she sought a divorce, custody of one minor child, child support payments, and division of the community property. The trial court, sitting without a jury, granted the divorce and awarded custody of the minor child to the wife, subject to reasonable visitation rights to the husband. The court ordered the husband to pay $100 per month as child support. The court then awarded the wife the sum of $4,100 for her equity interest in the house and lot which had formerly constituted the homestead of the parties and located at 2953 Valwood Parkway in the City of Farmers Branch, Texas. The decree specifically stated that the sum of $4,100 was to include the amounts of $600 as attorneys' fees and $400 as temporary alimony which was found to be in arrears at the date of divorce. The court then awarded the wife a lien against the real property to secure payment of the entire $4,100 and ordered the husband to pay that sum to the wife in monthly installments of $50 per month until fully paid. The court divided the personal property of the parties and ordered the husband to pay certain community debts. All the property involved was community property.

No findings of fact or conclusions of law were requested or filed.

■ Appellant appeals from the judgment rendered by the trial court and in his brief he sets forth two "propositions of law" followed by several "points of law" which do nothing more than present abstract questions of law. Such does not comply with the specific provisions of Tex.R.Civ.P. 418 governing the preparation of briefs. However, in carrying out our policy of liberal construction of briefing rules we have carefully studied appellant's brief and conclude that he may reasonably be said to present three points of error. First, he takes the position that since the real property involved will continue to be the homestead of the husband that no judgment lien may attach to such homestead. Secondly, he argues that the judgment lien on the husband's homestead is not proper to secure payment of attorney's fees and past due alimony payments. Thirdly, that past due alimony payments may not be the subject of a money judgment in favor of the wife. We overrule appellant's first contention and sustain his second and third points.

■ Pursuant to the express mandate of § 3.63 Tex.Fam.Code, V.T.C.A. (1971), the trial court was obligated to order a division of the estate of the parties in a manner that the court deemed to be just and right, having due regard for the rights of each party and any children of the marriage. In performing this judicial duty the trial court is given wide discretion in disposing of all of the property of the parties, whether the same be separate or community, and such action in the exercise of such discretion will not be corrected on appeal in the absence of a clear showing of abuse of discretion. Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002 (1951). In carrying out this discretionary power the trial court is not obligated to divide the estate of the parties equally. Thompson v. Thompson,

380 S.W.2d 632 (Tex.Civ.App., Fort Worth 1964). It is settled law in this state that real estate which is a homestead of the parties is subject to division on divorce. Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21 (1923); 20 Tex.Jur.2d, "Divorce and Separation," § 217. There is no legal prohibition in awarding to the wife a judgment for a sum of money found by the court to represent a fair value of the wife's interest in the homestead awarded to the husband and also to grant to the wife a lien upon the husband's property to secure the payment of the amount found by the trial court to be fair and just and to be awarded to the wife for her portion of the homestead. Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306, 126 S.W.2d 626 (1939); Mozisek v. Mozisek, 365 S.W.2d 669 (Tex.Civ.App., Fort Worth 1963), and Mea v. Mea, 464 S.W.2d 201 (Tex.Civ.App., Tyler 1971).

■ We have reviewed the statements of facts and find ample evidence to support the discretion of the trial court in awarding the real property, being the former homestead of the husband and wife, to the husband and awarding the wife a money judgment representing a fair value of her interest in the property. The testimony reveals that the property has a present fair market value of approximately $18,000 upon which there was a lien of $11,000. We find no abuse of discretion on the part of the trial court in granting to the wife a judgment representing her value of the equity of the real property. Neither do we find any error on the part of the trial court in granting to the wife a lien to secure her interest in the homestead property.

■ However, we hold that the trial court exceeded its authority in extending the lien to the payment of attorneys' fees and past due alimony payments. This court in Jeter v. Jeter, 281 S.W. 598 (Tex. Civ.App., Dallas 1926), expressly held that an attempt to subject to payment of court costs and attorneys' fees the interest of the divorced spouse in his homestead was altogether unauthorized. As the court there stated the homestead character of the property was not destroyed by the decree of divorce. As such the homestead interest in the land was not subject to the payment of debts such as court costs and attorneys' fees. This rule was subsequently followed by this court in Berg v. Berg, 232 S.W.2d 783 (Tex.Civ.App., Dallas 1950). It necessarily follows, therefore, that the trial court, while entirely justified in awarding the wife a judgment for $600 representing reasonable attorneys' fees for services rendered in the divorce action, was without authority to impress a lien upon the real property herein involved to enforce the payment of such sum of $600.

We now turn to a consideration of the question of whether or not the trial court was justified in rendering judgment in favor of the wife in the sum of $400, found by the court to represent delinquent temporary alimony payments, as well as to impress a lien upon the real estate herein involved to enforce the payment of such sum of money.

■ Statutes and public policy of Texas do not sanction alimony for the wife after judgment of divorce has been entered. Francis v. Francis, 412 S.W.2d 29 (Tex. Sup. 1967). Tex.Rev.Civ.Stat. Ann. art. 4637, now § 3.59 of the Family Code, expressly provides that the trial court in a divorce action may order temporary payments of support for the wife pending the final determination of the case. Such payments of temporary alimony have been held not to be violative of the public policy of Texas. However, the court held that temporary alimony, as such, is not a debt in any exact sense. Ex parte Davis, 101 Tex. 607, 111 S.W. 394, 17 L.R.A. (N.S.) 1140 (1908); Russell v. Russell, 79 S.W.2d 639 (Tex.Civ. App., Fort Worth 1935). In Bagby v. Bagby, 186 S.W.2d 702 (Tex. Civ.App., Amarillo 1945), citing Beeler v. Beeler, 218 S.W. 553 (Tex.Civ.App., El Paso 1920) and Ex parte Davis, 101 Tex.

607, 111 S.W. 394, 17 L.R.A. (N.S.) 1140 (1908), the court says: "Alimony is not in the nature of a debt for the collection of which an execution may issue but it is a duty and the order for such may be enforced by contempt proceedings." In Hudson v. Hudson, 217 S.W.2d 694 (Tex.Civ. App., Fort Worth 1949), the trial court awarded the wife a judgment in the sum of $330 "as unpaid alimony." The court, citing *Beeler* and *Bagby*, supra said: "While it is true that the trial court has wide power and discretion in dividing the estate between the parties, yet it has been held that alimony pending suit is not a debt to be enforced by execution."

From these authorities it follows that the trial court in this instance was without authority to grant to the wife a judgment, subject to execution, in the sum of $400 representing unpaid alimony payments. Of course, not constituting an indebtedness, neither could the trial court impress a lien upon the real estate involved herein to enforce the payment of such unpaid alimony payments. This part of the judgment must fall.

The judgment of the trial court is reversed and rendered in part, modified and reformed in part, and affirmed, as follows:

(1) That part of the judgment of the trial court awarding appellee wife the sum of $400 representing delinquent alimony and child support payments is reversed and judgment here rendered that appellee do have and recover nothing from appellant husband for such demand; (2) that part of the trial court's judgment awarding Janet A. Brunell an interest in the equity of the parties in the home located at 2953 Valwood Parkway, in the City of Farmers Branch, Dallas County, Texas in the amount of $4,100, which includes the sum of $600 as attorneys' fees for the use and benefit of appellee's attorney, Ed M. Brown, is hereby modified to reduce the amount to $3,700; (3) the sum of $3,100 of said total sum of $3,700 so awarded appellee wife, is ordered secured by lien on the real property described in the trial court's judgment to secure the payment thereof; (4) the remainder of the judgment is in all things affirmed; and (5) all costs of this appeal are taxed against appellant and appellee equally.

Reversed and rendered in part, reformed, and as reformed, affirmed.