Robert J. HAUSLER, Sr., Appellant,

v.

Leona B. HAUSLER, Appellee.

No. 10–81–058–CV.

Court of Appeals of Texas,
Waco.

July 29, 1982.

Rehearing Denied Aug. 19, 1982.

Timothy E. McKenna, Bass, Webb, Fant, McKenna & Wheless, Houston, for appellant.

Maurice A. Lehmann, Law Offices of Maurice A. Lehmann, Houston, for appellee.

## OPINION

CHASE, Justice.

This is a divorce suit filed by the Appellant-husband against the Appellee-wife alleging "no fault" grounds. The wife answered by general denial and filed a cross action charging the husband with cruelty. Trial was to the court without a jury after which a judgment was entered awarding the divorce to the wife on the basis of cruelty and making a division of the community property between the parties. Findings of Fact and Conclusions of Law were requested and filed and Appellant has appealed on two points, the first charging the trial court with abuse of discretion in dividing the community property disproportionately between the parties and secondly that the trial court erred in failing to file Findings of Fact and Conclusions of Law in support of his judgment.

The parties were married and lived together as husband and wife in Rosenberg, Texas, some 26 years until September 1979, when the husband left the wife and moved

out of the home. There were born to the marriage two sons, now adults, but both living at home. One of the sons is starting a career in farming and the other is still in college.

The husband was the owner and operator of a construction company and the wife, other than being a housewife, worked as a secretary and also ran an insurance company. Both parties owned numerous items of personalty as their separate property and there were several tracts of land owned as community property. Both parties were 46 years of age at the time of the divorce.

The wife offered expert testimony concerning the valuations to be placed upon various items of property, and the husband, though offering no expert testimony, did himself testify as to his ideas of the value of the properties. The court's judgment, in great detail, sets forth the various items of personalty which each spouse is to receive, and also makes a division of all of the pieces of real property. There does not seem to be any serious conflict concerning the property or their division other than the manner in which the court divided a 210 acre tract in Brazoria County, giving 60% to the wife and 40% to the husband. It was this division which caused the husband to take the position that he received only $400,000.00 of the total community property whereas the wife received some $650,000.00 in value. The husband contends that this was an abuse of discretion on the part of the trial judge in dividing the property.

Section 3.63 of the Texas Family Code VATS provides "In a decree of divorce ... the court shall order a division of the estate of the parties in a manner that the court deems just and right ..."

■ The division of the community property does not have to be equal; *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, but on the other hand the trial court has a wide discretion in dividing the property taking into consideration all of the facts and circumstances surrounding the present and probably future situation of the parties. *Roye v. Roye*, Tex.Civ.App., 404 S.W.2d 92.

■ In determining whether the trial court abused its discretion in dividing the property, we must give every reasonable presumption in favor of the proper exercise of discretion. *Cooper v. Cooper*, Tex.Civ. App., 513 S.W.2d 229.

■ The Supreme Court of Texas in the recent case of *Young v. Young*, 609 S.W.2d 758, held that fault in breaking up the marriage could be taken into consideration in dividing the property. In this regard the court found the husband at fault and this is supported by the husband's refusal to attempt reconciliation as suggested by the wife, his abandonment of the wife and the marriage as well as his adulterous conduct following the separation.

Young also holds that benefits which the innocent spouse would receive from a continuation of the marriage may also be taken into consideration. The evidence reflects that the husband's construction business could well become profitable in the future and that the properties which they owned could be developed to a very profitable state that the wife would not have to work outside the home in the future.

The record also reflects the fact that the employer of the wife was quite elderly and may well not have needed her services in the future thus, reducing her income from outside work.

Young also holds that the term "children" in the Family Code does not limit the court to minor children in considering the needs of the children in dividing the property. The record here reflects that both the adult sons remained with the wife, one being a student in college and the other attempting to start a career in farming. Both would need assistance in their individual ventures and would probably look to the wife for such.

There was also in the record a considerable amount of evidence concerning the fact that the wife's employer had intended to make a gift of the 210 acre tract in Brazoria County to the wife. The wife had insisted that the husband's name be put into the deed and this resulted in the transaction

being handled as a sale rather than as a gift to the wife. However, the consideration was so completely inadequate which is evidenced by the fact that the parties sold 153 acres of the original tract for a sum sufficient to pay for the entire tract, and the court apparently took into consideration these factors in making the division of the property.

A careful reading of the entire record coupled with the foregoing, fails to reveal an abuse of discretion on the part of the trial court in dividing the property. Appellant's point number one is overruled.

Appellant's second point charges the trial court erred in failing to file Findings of Fact and Conclusions of Law in support of his judgment.

This point has no merit since the court filed eight findings of Fact and three Conclusions of Law, these covering all of the issues in the case.

What Appellant is apparently complaining of is the court's failure to make additional findings under Rule 298 Texas Rules of Civil Procedure. All of the requests made by the Appellant were for evidentiary findings and the court is not required to make findings other than of ultimate issues in the case.

Furthermore, Appellant filed no Bill of Exceptions to the court's failure to make additional findings and therefore the error was waived. *Dillingham v. Dillingham*, Tex.Civ.App., 434 S.W.2d 459.

Appellant's point two is overruled.

The judgment of the trial court is affirmed.