Michael F. LETTIERI, Appellant,

v.

Sherlyn LETTIERI, Appellee.

No. 2–82–179–CV.

Court of Appeals of Texas,
Fort Worth.

June 22, 1983.

Rehearing Denied July 27, 1983.

G.H. Kelsoe, Jr., Dallas, for appellant.

Richard H. Kelsey, Denton, for appellee.

Before FENDER, C.J., and SPURLOCK and BURDOCK, JJ.

## OPINION

SPURLOCK, Justice.

This case is an appeal from a divorce judgment of the 211th District Court of Denton County, Texas. Michael Frank Lettieri, appellant-husband filed suit against Sherlyn Lettieri, appellee-wife, seeking a divorce and division of the community property. The wife filed an answer and crossaction for divorce. There were no children of the marriage. Husband appeals from the property division only, complaining that there was an inequitable division of the community property estate of the parties.

We affirm.

In his first five points of error, husband complains that (1) the trial court erred in filing findings of fact and conclusions of law regarding the property division, which consisted only of conclusions of law; (2) that the findings of fact and conclusions of law which were filed do not support the judgment; (3) the trial court erred in its actions in awarding to wife the amount of property it did because such award under all the circumstances was unfair, arbitrary and capricious, and constituted an abuse of discretion by the trial court; (4) that there was no evidence to support the conclusions that the trial court reached in its findings of fact and conclusions of law in its judgment that its division was equitable; and (5) there is insufficient evidence to support the conclusions of the trial court that its judgment was an equitable division of the property.

On June 2, 1982, trial was had before the court without a jury, and on July 2, 1982, the court signed a divorce decree. The husband filed a motion for new trial on July 30, 1982, which the trial court overruled on September 1st, signing an order overruling

it on September 8th. Husband timely filed his request for findings of fact and conclusions of law on September 16th. Thereafter, he filed with the court a remainder to file findings of fact and conclusions of law on October 12, 1982, which the trial court acknowledged. The trial court filed its findings of fact and conclusions of law on October 15, 1982.

A review of the trial court's findings of fact and conclusions of law reveals that they sufficiently dispose of the subject matter, venue, jurisdiction, parties, and property issues in this case. While not as complete as husband desires, they nevertheless are dispositive of each of the ultimate (controlling) issues needed to be decided by the court on trial of the case below. Tex.R. Civ.P. 296 and *T-Anchor Corp. v. Travarillo Associates,* 529 S.W.2d 622 (Tex.Civ.App.— Amarillo 1975, no writ); *Goren v. Goren,* 531 S.W.2d 897 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ dism'd). Husband's argument in his first point of error is that these findings of fact and conclusions of law filed by the trial court are not effective to be findings of fact and conclusions of law. He contends they are not complete enough to serve any purpose and in effect do not support his theory of the case. In this particular instance, there was no further request after the court filed its findings of facts and conclusions of law for the court to file additional findings and conclusions. This request is authorized by Tex.R.Civ.P. 298 and cases citing such rule. *See Vapor Corp. v. Welker,* 582 S.W.2d 858 (Tex.Civ. App.—Beaumont 1979, no writ); *Lykes Bros. S.S. Co., Inc. v. Benben,* 601 S.W.2d 418 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). Where the appellant fails to make such a request timely in accordance with Rule 298, that failure is a waiver of any error on the part of the court to make complete findings and a waiver of the right to complain of the trial court's failure to make certain findings deemed necessary by the appellant. *See Hausler v. Hausler,* 636 S.W.2d 874 (Tex.App.—Waco 1982, no writ); *Van Dyke v. Van Dyke,* 624 S.W.2d 800 (Tex.App.—Houston [14th Dist.] 1981, no writ); and *Vapor Corp., supra.*

The party failing to make such a request has also been deemed to have waived the right to complain that the findings which were filed were not full and complete. *See Fettig v. Fettig,* 619 S.W.2d 262 (Tex.Civ. App.—Tyler 1981, no writ). Having failed to complain properly of the trial court's failure to make as full and complete findings of fact and conclusions of law as husband desired, we hold he has waived the right to complain of the lack of completeness of the same upon appeal, and accordingly, hold that the court did not commit error. Point of error number one is overruled.

Point of error two complains that the findings of fact and conclusions of law filed by the trial court do not support the judgment for property division entered by the court. Husband particularly complains that the court's finding of fact is insufficient in item no. 4E to support the court's conclusions of law contained in its item no. 4, stating "that an equitable division of the property was made". The trial court in a divorce case makes many determinations of evidentiary matters leading up to the ultimate conclusion, division of the property. In point of error one, we discussed husband's failure to request specific findings of fact or conclusions of law after he was furnished with the court's original findings.

Texas courts have long tried to settle the issue of what a trial court is required to do in making its findings. It must find on each material issue which is raised by the pleadings and evidence, but not on evidentiary issues as distinguished from controlling matters. *See T-Anchor, supra.* Further, the court does not have to set out its theories or legal basis for its judgments. *See Jamison Cold Storage Door Co. v. Brown,* 218 S.W.2d 883 (Tex. Civ.App.—Fort Worth, 1949, writ ref'd n.r. e.). Nor does the court have to set out in minute detail his reasons for having reached the legal conclusions expressed. *Jamison, supra,* and *Stephenson v. Vineyard,* 564 S.W.2d 424 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.). Many

Texas courts have considered what constitute the ultimate issues to be decided by the courts in a divorce case. The most recent case, and the one this court is required to follow, is that of *Vallone v. Vallone,* 644 S.W.2d 455 (Tex.1982).

In *Vallone,* the Supreme Court has held that characterizing (i.e., determining the source of) property is an issue of fact to be determined by the trial court. *Vallone,* p. 458. The test to be applied on appeal is whether or not an error of law occurred in applying the right standards by which to test the factual evidence. If there is no question of law preserved by point of error that a wrong test of characterization was applied, "[t]his leaves a factual determination which this court does not have jurisdiction to decide." *Vallone, supra.* This means that the controlling (ultimate) issue in a case of property division is whether or not the court divided the property in a just and right manner as required by Tex.Family Code Ann. sec. 3.63 (1982). Appellant's point of error presents nothing for this court to review. He has failed to raise any error of law made by the trial court in characterizing property, as he failed to request any specific findings by the trial court. The court's findings are sufficient on the controlling issues, and appellant's point of error two is overruled.

The husband, in his points of error nos. 3, 4 and 5, has argued that the court abused its discretion and divided the property in an unfair, arbitrary, and capricious manner. He further contends that there was no evidence to support the court's judgment that an equitable division was made, and argues there was insufficient evidence to support the judgment. In making its division of property, the trial court awarded the parties the following respective assets:

1. To the wife:

a. The sum of $210,000.00 cash with a lien secured by the real property, the residence of the parties, known as Red Bud Point Home.

b. A Thunderbird automobile and certain community property in the husband's possession, and recovery of disputed items of property which were in the wife's possession.

2. To the husband: the remainder of all of the estate of the parties together with all of the debts of the community which had accrued.

Husband argues that the total value of the recovery of the wife was $304,369.00. He arrived at this figure by adding the $210,000.00 cash, together with the value placed upon the Thunderbird automobile, and by estimating certain values of other property which the court awarded to the wife. There are no specific findings of fact in this regard by the trial court and as most of the testimony was disputed, it is impossible to find on appeal specific values placed upon the property.

Assuming, arguendo, that the $304,369.00 figure is correct, this court must determine whether or not there was sufficient community property remaining to be awarded to appellant so that the trial court could reach its decision that it had as a conclusion of law, divided the property in a fair and equitable manner. The trial court is given wide discretion in making its division, and this court should resolve every reasonable presumption in favor of the trial court's proper exercise of that discretion, absent a clear showing of abuse. *Van Dyke, supra* p. 802.

The husband has cited this court to many specific instances of testimony about debts and values of items of property. Particularly, he alleges the evidence showed that two paintings were of "no value." This court finds that there is evidence in the record contrary to the conclusions drawn by appellant, and that the paintings could have been found by the trial court to have been of a value as high as $760,000.00. Both of these paintings were awarded to the husband as part of the division of the property.

In reviewing the six volumes of the statement of facts, it is obvious to this court that there was sufficient evidence for the trial court to conclude that the division of the property was fair and just. We further

conclude that the appellant clearly failed in his burden to trace certain expenditures and income which occurred during the marriage of the parties and which he wanted the trial court to conclude were his separate property. As there was no specific findings by the trial court concerning the tracing and/or the expenditure of separate property funds, or the comingling of community funds and separate property funds, nor any specific findings of debt owing to the separate estate of appellant by the community estate, we conclude that the trial court found these fact issues in favor of its judgment. *Lassiter v. Bliss,* 559 S.W.2d 353 (Tex.1977, no writ).

■ The appellant did not overcome the presumption that funds in accounts testified to by him were community property because he failed to rebut that presumption which is required by Tex.Family Code Ann. sec. 5.02 (1982). He must have done so with a degree of proof which is clear and convincing. *Newland v. Newland,* 529 S.W.2d 105 (Tex.Civ.App.—Fort Worth 1975, writ dism'd). It is clear that appellant did not meet his burden of tracing separate property funds, which he had so commingled with the community estate, with sufficient clarity (*that is to segregate and identify them*), for the trial court, or this court, to find that they remained separate, and thereby it is presumed that the mingling of such assets caused them to become community. *McKinley v. McKinley,* 496 S.W.2d 540 (Tex. 1973, no writ) and *Latham v. Allison,* 560 S.W.2d 481 (Tex.Civ.App.—Fort Worth 1977, writ ref'd n.r.e.). It is not disputed that appellant had a considerable separate property estate prior to his marriage, and that there still remains a considerable separate property estate within his possession.

Having found evidence by which the trial court could have awarded the division of the property as it did so, and having found no other evidence showing that the trial court abused its discretion in the division of the estate, we hereby overrule points of error 3, 4 and 5. *Cockerham v. Cockerham,* 527 S.W.2d 162 (Tex.1975, no writ). *Cooper*

*v. Cooper,* 513 S.W.2d 229 (Tex.Civ.App.— Houston [1st Dist.] 1974, no writ).

■ Appellant complains in point of error six (by supplementary brief) that the trial court committed error in granting a money judgment lien against appellant of a greater amount than the value of the homestead property awarded to him. The trial court placed a judgment lien in the amount of $210,000.00 upon the real property homestead awarded to him to secure the payment of the judgment of the same amount which was awarded to the wife. The homestead was the home of the parties acquired during the marriage and was known as the "Red Bud Point Home". From the time the home was purchased, the parties lived in it and the testimony at the time of trial revealed that the funds used to pay for the home came from earnings of the husband, and from other sources which this court notes were commingled and upon which there was no clear convincing evidence showing the same to be solely separate property funds of the husband. *See Latham, supra.*

The crux of husband's argument is that the evidence establishes that the entire value of the home, including all payments as of the time of trial, was not more than $193,- 500.00. Therefore, the judgment lien awarded to appellee exceeds the value of the homestead by $16,500.00, and would necessarily include a lien against the separate property interest of the husband, beginning from the date that the divorce was final, and continuing into the future in the amount of at least $16,500.00 of his separate property. That is to say, by virtue of the creation of the judgment lien, wife was awarded a future lien against a separate property interest of the husband, should he maintain and keep the home as his separate homestead property.

The law is well settled that the homestead character of property continues after the dissolution of the marriage contract where there are no children born to the marriage. *Davis v. Davis,* 108 S.W.2d 681 (Tex.Civ.App.—Fort Worth 1937, no writ); *Wierzchula v. Wierzchula,* 623 S.W.2d 730,

732 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ). A fact that is distinguished in the instant case is that the wife has a lien on the property of which she was a co-owner while she remained as appellant's spouse. At the moment of divorce her ownership in the property was converted, and she lost the value of the same and received back as compensation a money judgment for such value. The judgment specifically created her lien on the property. This is not a case where she was awarded a promissory note with certain payments to be made monthly and the right to foreclose upon the property for the failure to make such payments. Nor is this a case where the property was the separate property of the husband before the marriage and she has been granted a lien against his separate property to pay her community claim. This presents a situation where the husband was awarded the use, occupancy, title and possession of the home and other property by the court, and the wife was awarded a money judgment as compensation for her interests in that property.

It is clear that homestead property is exempt from a money judgment in a divorce decree. *Spence v. Spence,* 455 S.W.2d 365 (Tex.Civ.App.—Houston [14th Dist.] 1970, writ ref'd n.r.e.). However, in a divorce action a lien may be placed upon a spouse's real property homestead to secure the payment of the amount awarded to the other spouse for that other spouse's homestead interest. *Wierzchula v. Wierzchula, supra; Brunell v. Brunell,* 494 S.W.2d 621 (Tex.Civ.App.—Dallas 1973, no writ). In his argument, husband contends that the trial court erred in awarding a money judgment to the wife in excess of the total value of the homestead property awarded to the husband. We do not agree.

The lien that was awarded to the wife by way of judgment was for a sum certain, and not only the homestead property but other personal property awarded to the husband was made subject to this lien. It is clear from the record that there is more than sufficient property awarded to the husband, and made subject to the judgment lien awarded to the wife, to fully satisfy such judgment should the husband decide not to pay the judgment in cash. There was a specific setting aside by order of the trial court of certain certificates of deposit of the husband in the hands of certain banks, against which the wife would have an opportunity to satisfy her judgment. We find no error in the actions of the trial court in awarding to the wife a lien against the home that had been her homestead, as well as the husband's, in addition to the other property which the court made subject to the terms of the judgment lien.

The court could have awarded the entire homestead to the wife and certain of the certificates of deposit instead of the money judgment that it awarded to her. Instead, the court honored the specific request of the husband and awarded to him the use and benefit of the home, due to certain medical reasons. The court placed no value on the home. The amount that the husband said it was worth may or may not be the value which would be obtained in a forced sale or on the open market. The husband can clear the lien easily by paying the money judgment awarded to wife. If he elects not to and the wife is forced to foreclose her lien, this in no way would harm the husband nor would it be a violation of his homestead exemption. The homestead exemption was also the wife's entitlement prior to the time that the divorce was granted, a right which she had taken from her by the court, and for which she was simultaneously awarded a judgment lien as compensation. Point of error six is overruled.

Judgment is affirmed.