**In re Donald R. ANTHONY, Debtor.**

**FIRST CITY BANK OF CORPUS CHRISTI**

v.

**Donald R. ANTHONY.**

**Bankruptcy No. 84–01051–C–4.**

United States Bankruptcy Court, S.D. Texas, Corpus·Christi Division.

Feb. 17, 1988.

Patricia Constant, Wood & Burney, Corpus Christi, Tex.

Margaret K. Hoffman, Wood, Boykin, Wolter & Keys, Corpus Christi, Tex.

## MEMORANDUM OPINION

RANDOLPH F. WHELESS, Jr., Chief Judge.

This case involves the construction of the Texas Exemption Statute; §§ 42.001 and 42.002 of the Texas Property Code and the objection of First City Bank of Corpus Christi to the Debtor's claim of exemptions. First City Bank of Corpus Christi has objected to the exemption claimed by the Debtor on the ground that their aggregate value exceeds the $30,000.00 limit provided for under the statute.

This is a Chapter 7 case in which the Debtor has claimed certain personal property as exempt on the basis that the "equity" in the personal property is of a market value of less than $30,000.00. This personal property is encumbered by certain perfected security interests in favor of various lien claimants. Therefore, the question becomes whether the Texas Exemption Statute, which allows $30,000.00 worth of certain classes of personal property as exempt should be interpreted to mean (1) a total aggregate market value of $30,000.00, without regard to any credit for any liens against such property, or (2) whether the statute should be interpreted so that only the market value *in excess of* any perfected liens should be counted for the purpose of the (aggregate) $30,000.00 maximum exemption figure.

While it is a little difficult to tell from the schedules, the personal property claimed by the debtor as being exempt, the evaluation he places thereon, the liens he admits to, and the *total market value and the "equity" value are set out below:*

| TYPE OF PROPERTY | FAIR MARKET VALUE | LIENS | "EQUITY" |
|---|---|---|---|
| Household goods, supplies and furn. | $ 9,073.00 | –0– | $ 9,073.00 |
| Two Cowan prints, 28 misc. prints, misc. books | 1,500.00 | –0– | 1,500.00 |
| Firearms, clothing, golf clubs (3 sets), jewelry | 10,650.00 | –0– | 10,650.00 |

| TYPE OF PROPERTY | FAIR MARKET VALUE | LIENS | "EQUITY" |
|---|---|---|---|
| 1978 Trans Travel Trailer | $4,000.00 | $995.00 | $3,005.00 |
| Furniture & Equipment | 900.00 | 1,493.00 | –0– |
| Furniture | 1,500.00 | 3,404.00 | –0– |
| 1984 Volvo | 16,000.00 | 16,332.00 | –0– |
| 1982 Suburban | 12,500.00 | 12,500.00 | –0– |
| Dental Equipment | 36,500.00 | 38,500.00 | –0– |
| TOTAL: | $92,623.00 | | $24,328.00 |

The relevant language of the Texas Exemption Statute (Tex.Prop.Code Ann. § 42.001 (Vernon 1984)) reads as follows:

"(a) Eligible personal property that is owned by a family and that has an aggregate fair market value of not more than $30,000.00 is exempt from attachment, execution, and seizure for the satisfaction of debts, except for encumbrances properly fixed on the property."

This exemption statute can be interpreted to mean that the aggregate fair market value of the "eligible personal property" cannot exceed $30,000.00 and that such amount of property is exempt from attachment execution and seizure for the satisfaction of debts, except for those debts secured by encumbrances properly fixed on such involved property. In other words, the last phrase: "except for encumbrances properly fixed on the property" can be meant to modify the word *"debts"* and the only thing meant by the phrase is that such encumbrances shall be enforceable.

Another possible interpretation is that you exclude from the $30,000.00 exemption figure the fair market value of property on which there are properly fixed encumbrances to the extent of the dollar amount of such encumbrances. In other words the phrase "except for encumbrances properly fixed on the property" can be intended to mean to modify the phrase "not more than $30,000.00".

Were this Court free to make its own determination of the meaning of that language, the Court would pick the former interpretation rather than the latter because of the grammatical structure of the exemption statute itself. It seems to this Court that the phrase "except for encumbrances properly fixed on the property" was intended by the Texas Legislature to modify the word "debts".

However, the Court is aware that the Texas courts have always construed the state's exemption statutes in the most liberal manner and in favor of the debtor. More persuasive, however, is the Fifth Circuit's interpretation of this statutory language in the case of *In the Matter of Allen*, 725 F.2d 290 (5th Cir.1984).

As this Court interprets the holding in *Matter of Allen*, the Fifth Circuit construes this statutory language to except from the exemption statute personal property validly secured by liens (i.e. you don't count as exempt that property that has valid liens on it, to the extent of such liens). In other words this Court understands the rationale and holding of *Matter of Allen* to adopt the latter interpretation of the Texas Exemption scheme rather than the former.

See also *In re Evans*, 25 B.R. 105 (Bankr.N.D.Texas 1982) in which Judge Brister reached the same conclusion but in reliance upon the Fifth Circuit's reasoning and holding in the case of *Matter of McManus*, 681 F.2d 353 (5th Cir.1982). *McManus* was the predecessor to *Matter of Allen*.

Thus, this Court feels bound to the determination that in determining what property of the debtor is exempted, the fair market value of eligible personal property is excluded from determining the aggregate fair market value of exempt property (up to $30,000.00) to the extent of the dollar amount of perfected liens.

Therefore, the exemptions claimed by the Debtor must be, and are, allowed. Counsel

for Debtor is to prepare an order consistent with this opinion.