**Margarita WIERZCHULA, Appellant,**

v.

**Georg WIERZCHULA, Appellee.**

No. 17873.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Aug. 27, 1981.

Rehearing Denied Oct. 8, 1981.

Ragan & Russell, John Russell and Linda Harvey, Houston, for appellant.

Joe H. Rentz, Houston, for appellee.

Before COLEMAN, C. J., and DOYLE and SMITH, JJ.

SMITH, Justice.

This is a divorce suit in which the primary issue is whether certain real property is community property or separate property. Appellant, Margarita Wierzchula, appeals from the trial court judgment awarding the property to Georg Wierzchula, appellee, as his separate property.

On August 2, 1975, Georg Wierzchula, a single man, entered into an earnest money contract to purchase a home located at 3103 Point Clear Drive, Missouri City, Texas. On September 30, 1975, he applied as a single man for a home loan guaranty with the Veteran's Administration and on October 8, 1975, the Veteran's Administration issued a certificate of loan commitment to him as a single man. On November 25, 1975, the parties to this litigation were married. Thereafter, on January 21, 1976, Georg Wierzchula received a deed conveying the property to him as a single man and at the same time he executed a deed of trust and a promissory note in his individual capacity.

Appellant's first point of error, alleging that the trial court judge failed to file findings of fact and conclusions of law, is overruled as such instruments were filed and are included in the record.

By her second point of error, the appellant asserts the trial court erred in holding that the property was the separate property of appellee.

The character of property as separate or community is determined at the time of inception of title. Inception of title occurs when a party first has a right of

claim to the property by virtue of which title is finally vested. *Strong v. Garrett*, 148 Tex. 265, 224 S.W.2d 471 (1949).

■ Property possessed by either spouse upon dissolution of the marriage is presumptively community property. *Peaslee-Gaulbert Corp. v. Hill*, 311 S.W.2d 461 (Tex. Civ.App.—Dallas 1958, no writ). However, this presumption may be rebutted by proof that the property was the separate property of either spouse. *McClintic v. Midland Grocery & Dry Goods Co.*, 106 Tex. 32, 154 S.W. 1157 (1913). To overcome this presumption the appellee offered proof that he had entered into an earnest money contract while he was still a single man and that the down payment on such contract was made with his separate funds.

The question then arises at what step in the purchase of real property is there claim to the property?

■ It is well established that a claim to real property can arise before the legal title or evidence of title has been attained. *Welder v. Lambert*, 91 Tex. 510, 44 S.W. 281 (1898). In *Welder*, a contract right giving the husband the right to acquire lands was obtained before marriage, but the conditions of the contract were not met until during marriage, at which time title vested. The court held that the property was the husband's separate property because his claim to the property was acquired before marriage.

In our case, the appellee acquired a claim to the property at the time the purchase money contract was entered into. The earnest money date being prior to the marriage of the parties, the appellee's right of claim to the property preceded the marriage, and the character of the property as separate property was established and the community property presumption was rebutted.

■ A second presumption arises that the property was community property as a result of the note being signed after the marriage. A debt acquired by either spouse during marriage is presumptively a community debt. *Gleich v. Bongio*, 128 Tex. 606, 99 S.W.2d 882 (1937). This presumption is also rebuttable. Proof that the lender agreed to look only to the separate property of one spouse for the security for the debt will rebut this presumption. The agreement between the borrower and the creditor is one of the primary indicators of the character of the loan to be made.

In our case, prior to marriage, the appellee alone made application for a loan as a single man. The loan commitment was made by the Veteran's Administration to the appellee as a single man. The deed was made to the appellee as a single man and the appellee alone signed the note to secure the vendor's lien and deed of trust. The lender's intention appears to be clear that it was looking only to the appellee to meet the obligations contained in the note.

■ We hold that the trial court did not err in finding the property was the appellee's separate property. The appellant's second point of error is overruled.

By her third point of error, the appellant asserts that the trial court erred in refusing to secure the judgment awarded to the appellant and her attorney by not granting a lien against the homestead for the amounts awarded in the judgment.

■ That the property in issue is appellee's homestead is not in issue. The homestead character of the property is not destroyed by a divorce if one of the parties to the divorce continues to maintain it as a homestead. In a divorce action a lien may be placed upon a spouse's real property homestead only to secure the payment of the amount awarded to the other spouse for that spouse's homestead interest. *Brunell v. Brunell*, 494 S.W.2d 621 (Tex.Civ.App.—Dallas 1973, no writ).

■ In our case, the property involved was appellee's separate property, and appellee continued to maintain it as his homestead. The trial court made no finding concerning the character of the payments made on the property as separate or community property, and the appellant did not request such a finding. Further, the appel-

lant has not raised this failure to characterize the homestead payments as a point of error. Accordingly, the appellant had no interest in this property and the $6,000 judgment awarded to the appellant against the appellee is a money judgment rather than compensation for a homestead interest. Homestead property is exempt from the reach of a money judgment in a divorce decree. *Spence v. Spence*, 455 S.W.2d 365 (Tex.Civ.App.—Houston [14th Dist.] 1970, writ ref'd n. r. e.).

Appellant's attorney conceded in his arguments to this court that he has no right to a lien for the $3,000 that was awarded to him by the trial court as attorney's fees. The appellant's third point of error is overruled.

The appellee alleges in his first crosspoint that the trial court erred in its award of $6,000 to appellant because it is not referrable to any property, hence the award is alimony and against public policy. We disagree with this contention.

 Periodic payments or a lump sum payment after a divorce are not alimony if they are referrable to the rights and equities of the parties in properties at the time of the divorce. *Price v. Price*, 591 S.W.2d 601 (Tex.Civ.App.—Tyler 1979, no writ). In our case an inspection of the judgment and the findings of fact and conclusions of law reveals that the trial court went to great effort in attempting to balance the equities in the property division. The award of a $6,000 judgment to the appellant was an obvious effort by the trial court to balance the equities of the parties' property, and we find no merit in this contention of the appellee. Appellee's first point of error is overruled.

The appellee contends in his second point of error that the trial court erred in awarding $3,000 attorney's fees to the appellant's attorney, John Russell. Although the appellant never agreed to an hourly charge or signed a contract agreeing to pay John Russell a fee, there is evidence in the record that she did hire John Russell and agreed to pay him a reasonable attorney's fee. The trial judge made a finding of fact that John Russell performed legal services for appellant and that the appellee should contribute $3,000 toward appellant's attorney's fee. The award of attorney's fees in a divorce action is discretionary with the trial court. The reasonableness of attorney's fees awarded is a question of fact to be determined by the trier of fact. *Paugh v. Paugh*, 579 S.W.2d 38 (Tex.Civ. App.—Waco 1979, no writ). We hold that it was not error for the trial court to award appellant's attorney a reasonable attorney's fee.

The judgment of the trial court is affirmed, and costs of appeal are charged to the appellant.