**In re Sandra R. JOHNSON, Debtor.**

**No. 89–12727.**

United States Bankruptcy Court,
E.D. Texas,
Beaumont Division.

March 20, 1990.

Frank J. Maida, Beaumont, Tex., for movant/debtor Sandra R. Johnson.

Walter Snider, Beaumont, Tex., for respondent Nu West Florida.

OPINION

DONALD R. SHARP, Bankruptcy Judge.

This matter came on for consideration of the Debtor's Motion to Avoid the Judicial Lien of Creditor, Nu West Florida, Inc., on her homestead property. Debtor is claiming federal exemptions 11 U.S.C. § 522(d)(1) and is relying on the avoidance power of 11 U.S.C. § 522(f). This opinion constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule

7052 and disposes of the issues presented to the Court.

### Factual Background

The facts of this matter are not materially disputed. Prior to her divorce, Sandra Johnson, ("Debtor"), lived with her husband in a home in Beaumont, Texas, which they claimed as a homestead. During the latter period of her marriage, Debtor became involved in a business venture which ultimately failed. As a direct result of the failure of her business, Debtor breached a rental lease she had executed with Nu West Florida, Inc., ("Creditor"). Creditor successfully sued Debtor for breach of lease and an abstract of judgment was filed on July 14, 1987. It is not disputed that the outstanding judgment exceeds the amount of the Debtor's claimed exemption.

During this time Debtor's marriage was failing. In August of 1987 Debtor separated from her husband and moved out of the homestead property. She later filed for divorce and a divorce decree was entered on August 8, 1988. It is uncontroverted that the divorce decree vested Debtor with a one-half (½) real property interest in the property in question.

Debtor does not dispute that she has not lived in the claimed homestead since the time of her separation. She currently lives in an apartment in Beaumont, Texas, and has not established an alternate homestead. At the hearing on this matter, Debtor testified that pursuant to an arrangement with her husband, she agreed that her ex-husband could live in the house and that should he vacate the house that she would then have a right to occupy the home. Since the time of the separation, Debtor's ex-husband has continuously lived in the home alone.

Debtor further testified that the home had periodically been listed for sale, although at this time it is not currently being listed. Should the home be sold, Debtor is to receive one-half (½) of the proceeds. Debtor testified that currently her ex-husband is making all of the payments on the house and that upon any sale, the ex-husband will receive credit for one-half of the reduction in the principal of the debt against her interest in the property.

Debtor maintains that she intends to re-occupy the home should her husband vacate. Debtor further maintains that she has at no time intended to abandon the homestead.

### Issue of Law

The sole issue before this Court is whether an ex-spouse owning a one-half (½) interest in what was marital homestead property can maintain that homestead interest in the absence of actual occupancy by said ex-spouse.

### Memorandum of Law

The issue before this Court is a novel one in the interpretation of Texas Homestead Law. Debtor maintains that the divorce decree awarding her a one-half (½) interest in her marital home concurrently conferred the rights of a homesteader in addition to the homestead rights asserted by her ex-spouse who is currently occupying the home. After a thorough review of Texas constitutional, statutory and case law this Court is of the opinion that Debtor's contention is unfounded.

Texas courts have held that a homestead exemption was available only to families or to the widows and widowers of families. As a result, in the situation of a divorce, the Courts uniformly held that the homestead of a family consisting only of a husband and wife is terminated by a divorce. *Burk Royalty Company v. Riley*, 475 S.W.2d 566 (Tex., 1972); *Reisberg v. Hubbard*, 326 S.W.2d 605 (Tex.Civ.App., 1959) (there being no minor children, divorce destroyed husband's right to exemption of homestead or its proceeds); *Renaldo v. Bank of San Antonio*, 630 S.W.2d 638 (Tex., 1982) (a divorced parent's right to family homestead derived from the relationship to his or her children). However, in 1974, Texas amended its definition of homestead to provide that "a single, adult person" is entitled to assert a homestead claim. V.T.C.A., Property Code § 41.002(a). The result of that amendment was to allow the homestead character-

ization of property to continue through the divorce if one of the parties to the divorce continued to maintain the property as a homestead. *Wierzchula. v. Wierzchula,* 623 S.W.2d 730 (Tex.App., 1981). Thus, the Court is faced squarely with the issue of whether two ex-spouses, both with fifty (50%) percent property interest in a home, can each assert homestead rights even though both do not live in the home.

The Texas rules of descent and distribution of homesteads is governed by the Texas Constitution. Vernon's Ann.Tex. Const. Art. 16, § 52. These rules governing the descent and distribution of homesteads provide that upon the death of a husband or wife the homestead shall descend and vest in a manner similar to the laws of descent and distribution of other real property as governed by Texas law. As is recognized by the Texas Constitution, a surviving spouse may elect to occupy the entire home even in the absence of complete ownership of the home. The interpretive commentary to this constitutional provision suggests that the flavor of the homestead laws is to secure a home to the surviving spouse. Vernon's Ann.Tex. Const. Art. 16, § 52. This Court is of the opinion that while Debtor through her marriage, could have obtained these rights, the dissolution of her marriage rendered the assertion of these rights unavailable.

It is a settled proposition in Texas state law that real estate which is the homestead of a married couple is subject to division upon divorce. *Brunell v. Brunell,* 494 S.W.2d 621 (Tex.Civ.App., 1973). The division of the homestead real property in Debtor's divorce served only to give Debtor a one-half (½) interest in the marital home but not as Debtor claims an additional homestead interest. This homestead interest was lost as of the date that Debtor (1) became divorced and (2) ceased to occupy the home.

Since Debtor's divorce decree and property division agreement were not introduced into evidence, this Court is unable to come to a conclusion as to the legal status of Debtor's interest in the real property. It is not clear whether Debtor's interest is an equitable lien reflecting the worth of her homestead and property interest in the marital real estate, (*Wierzchula v. Wierzchula,* 623 S.W.2d 730 (Tex.Civ.App., 1981); *Day v. Day,* 610 S.W.2d 195 (Tex. Civ.App., 1980)) or whether she owns a present undivided one-half interest in the marital real estate. However, under the best of circumstances, Debtor's interest in the marital real estate cannot be extended to the recognition of a homestead interest.

In that the Court finds that Debtor is not able to claim a homestead exemption and concurrently avail herself of the avoidance powers of 11 U.S.C. § 522(f)(1), Debtor's Motion to Avoid Lien of Nu West Florida, Inc., is DENIED.