Opinion issued March 17, 2016



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00618-CV

————————————

## JOSE ROMULO LOPEZ, Appellant

## V.

## ANITA MICHELLE LOPEZ, Appellee

On Appeal from the 308th District Court
Harris County, Texas
Trial Court Case No. 2014-20490

## MEMORANDUM OPINION

Jose Romulo Lopez appeals a decree of divorce, in which the trial court

dissolved his marriage to Anita Michelle Lopez and divided the marital estate. On

appeal, Jose contends that the trial court erred in (1) characterizing a partial interest

in their home as Anita's separate property; and (2) awarding Anita $10,000 in attorney's fees. We affirm.

## BACKGROUND

Jose and Anita married on April 18, 1985. During the marriage, the Lopezes moved into a house located at 222 Twickenham Trail in Houston (the "Twickenham house"). Anita's mother owned the home.

Anita sued for divorce in April 2014, contending that Jose was at fault in the breakup of the marriage. The trial court held a bench trial, in which Jose, Anita, and Anita's sister testified. The issues at trial included the division of marital property.

Anita received an inheritance from her father's estate in 2004. At the time of his death, Anita's father owned real property. Two of Anita's siblings purchased Anita's interest in the property, each writing a check to Anita individually for $31,566.67. Anita deposited her brother's check into a certificate of deposit; she did not claim this money as separate property in the divorce. Anita endorsed her sister's check to her mother's order, meant as payment toward the purchase of the Twickenham house, and she claimed this amount as her separate property in the divorce. Upon receiving Anita's check in May 2004, Anita's mother deeded the Twickenham house to Anita, in her name individually. The trial court admitted the canceled check from Anita's sister into evidence without objection. Anita's sister

corroborated Anita's testimony about the inheritance, endorsement, and deed transfer.

The trial court's findings of fact adopted the uncontested valuation figures from Anita's inventory and appraisal. In its findings, the trial court determined that the $31,566.67 of the value of the Twickenham home was Anita's separate property. The trial court found that the testimony and evidence supporting the separate property characterization went unchallenged by Jose. The trial court awarded the couple's ongoing businesses and the community debt to Jose and the community investment in the Twickenham house to Anita as part of its just and right division of assets. The trial court also awarded $10,000 to Anita for attorney's fees, an amount that the parties stipulated was reasonable and necessary.

Jose moved for a new trial. The trial court vacated its original divorce decree and issued an amended decree in its place. The amended decree did not, however, alter the original decree's award of attorney's fees or its finding that part of the Twickenham house was Anita's separate property. Jose again moved for a new trial, and the trial court overruled the motion.

## DISCUSSION

### I.     Property Division

Jose first contends that the trial court erred in characterizing part of the Twickenham house as Anita's separate property and further erred in denying his motion for new trial on this basis.

### A.     Standard of Review

We review a trial court's division of property under an abuse of discretion standard. *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied) (citing *LaFrensen v. LaFrensen*, 106 S.W.3d 876, 878 (Tex. App.—Dallas 2003, no pet.)).  To determine whether the trial court abused its discretion because the evidence is legally or factually insufficient to support the trial court's decision, we consider whether (1) the trial court had sufficient evidence upon which to exercise its discretion, and (2) whether it erred in its application of that discretion. *Moroch*, 174 S.W.3d at 857.

Property possessed by either spouse during or on dissolution of the marriage is presumed to be community property.  TEX. FAM. CODE ANN. § 3.003(a) (West 2006).  To overcome the community property presumption, a party claiming separate property must prove the claim with clear and convincing evidence.  *Id.* § 3.003(b). Clear and convincing evidence is defined as that "measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth

of the allegations sought to be established." *Id.* § 101.007 (West 2014); *see also In re J.F.C.*, 96 S.W.3d 256, 265–66 (Tex. 2002). When the trial court has acted as factfinder, it determines the credibility of the witnesses and the weight to be given their testimony. *Woods v. Woods*, 193 S.W.3d 720, 726 (Tex. App.—Beaumont 2006, pet. denied).

Findings of fact in a case tried to the court have the same force and dignity as a jury's verdict. *Leax v. Leax*, 305 S.W.3d 22, 28 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (citing *City of Clute v. City of Lake Jackson*, 559 S.W.2d 391, 395 (Tex. Civ. App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.)). The trial court's findings of fact are not conclusive when, as here, we have a complete reporter's record. *Middleton v. Kawasaki Steel Corp.*, 687 S.W.2d 42, 44 (Tex. App.—Houston [14th Dist.]), *writ ref'd n.r.e.*, 699 S.W.2d 199 (Tex. 1985). We review the trial court's findings of fact for legal and factual sufficiency of the evidence using the same standards we apply in reviewing the sufficiency of the evidence underlying jury findings. *Vannerson v. Vannerson*, 857 S.W.2d 659, 667 (Tex. App.—Houston [1st Dist.] 1993, writ denied). We review a trial court's conclusions of law de novo. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002); *Leax*, 305 S.W.3d at 28.

**B.      Analysis**

The trial court found:

> [Anita]'s mother purchased [the Twickenham house] during the Parties' marriage.  [Anita] and [Jose] resided in Twickenham and made payments on the home to retire the debt on the home to [Anita's mother].  [Anita] inherited a one-fifth interest in land from her father.  [Anita] sold her one-fifth inherited interest to her brother and sister.  [Anita's] sister . . . paid to [Anita] $31,566.67 by check for a portion of [Anita's] inheritance in the land.  [Anita] endorsed the $31,566.67 check received from her sister to her mother in payment of the balance of the debt owed on Twickenham.  [Anita's mother] then put Twickenham in [Anita's] name.

Based on these findings, the trial court concluded that Anita owned as her separate property a $31,566.67 interest in the Twickenham house.

In a divorce decree, the trial court must "order a division of the estate of the parties in a manner that the court deems just and right."  TEX. FAM. CODE ANN. § 7.001 (West 2006).  However, the court may only divide the parties' community property. *Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex. 1985).  The parties' separate property is not subject to division.  *See id.* ("The trial court has wide discretion in dividing the 'estate of the parties,' but must confine itself to the community property.").  Separate property includes "property acquired by the spouse during marriage by gift, devise, or descent."  TEX. FAM. CODE ANN. § 3.001.  Under the inception of title rule, the characterization of property as separate or community is

6

determined by its character at inception. *Leax*, 305 S.W.3d at 33; *McClary v. Thompson*, 65 S.W.3d 829, 834 (Tex. App.—Fort Worth 2002, pet. denied). Inception of title occurs at the time at which a party first has a right of claim to the property by virtue of which title is finally vested. *Smith v. Smith*, 22 S.W.3d 140, 145 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (citing *Strong v. Garrett*, 224 S.W.2d 471, 474 (Tex. 1949)).

When real property is acquired under a contract for deed or installment contract, the inception of title occurs when the contract was executed, not when legal title is conveyed. *In re Marriage of Morris*, 123 S.W.3d 864, 871 (Tex. App.—Texarkana 2003, no pet.) (citing *Wilkerson v. Wilkerson*, 992 S.W.2d 719, 722 (Tex. App.—Austin 1999, no pet.)). Property purchased on credit during marriage is presumed to be acquired on community credit. *See Wierzchula v. Wierzchula*, 623 S.W.2d 730, 732 (Tex. Civ. App.—Houston [1st Dist.] 1981, no writ) (citing *Gleich v. Bongio*, 99 S.W.2d 882 (Tex. 1937)). In this case, the parties proffered no evidence that the Lopezes had executed a written contract for deed or a written installment contract in connection with the purchase of the Twickenham house. *See* TEX. BUS. & COM. CODE ANN. § 26.01 (West 2015) (requiring that a promise to answer for the debt of another or a contract for the sale of real estate be in writing). There was evidence, however, that the Lopezes had made payments from the community estate to Anita's mother while they resided in the house to pay

7

off the debt associated with it and that Anita's mother had purchased the house "for them." It is undisputed that Anita's mother ultimately conveyed title to the home to Anita during the marriage. Applying the inception of title rule and the statutory presumption that assets gained during the marriage are community assets, we conclude that the Twickenham house is presumptively a community asset of the marital estate.

Thus, we next examine whether legally sufficient evidence supports the trial court's finding that a portion of that asset is Anita's separate property or otherwise properly subject to reimbursement to Anita as Anita's separate property. In general, testimony that property is separate property, without any tracing, is insufficient to rebut the community presumption. *Zagorski v. Zagorski*, 116 S.W.3d 309, 316 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). Tracing involves establishing the separate origin of the property through evidence showing the time and means by which the spouse originally obtained possession of the property. *Smith*, 22 S.W.3d at 144. When an asset is purchased during marriage with funds traceable solely to a spouse's separate estate, the asset may appropriately be characterized as separate property. *Phillips v. Phillips*, 296 S.W.3d 656, 674 (Tex. App.—El Paso 2009, pet. denied). Property acquired partly with community property funds and partly with separate property funds is separate property to the extent and in the proportion that it was purchased with separate property funds. *Cook v. Cook*, 679 S.W.2d 581, 583

8

(Tex. App.—San Antonio 1984, no writ).

The trial court's fact findings that the final payment to Anita's mother was made with separate funds were supported by the evidence adduced at trial. Anita testified that she received a $31,566.67 check from her sister for her share of their father's inheritance, and that she endorsed the check to their mother's order as partial payment for the Twickenham house. Anita's sister testified that she recognized the check as the one she wrote to Anita for her share of the inheritance, and she confirmed that Anita endorsed the check to their mother "to pay the house off."[1] In his testimony, Jose did not contradict any of these assertions. Undisputed testimony is sufficient to establish the separate character of property. *See Chavez v. Chavez*, 269 S.W.3d 763, 767 (Tex. App.—Dallas 2008, no pet.) (citing *Vannerson*, 857 S.W.2d at 668).

We hold that the trial court did not err in finding that Anita's payment to her mother of $31,566.67 toward the purchase of the house was traceable as her separate property, either in cancellation of a community debt or in purchase of the asset, thus overcoming the presumption of community property for that amount. *See Broussard v. Tian*, 295 S.W.2d 405, 406 (1956) ("The fact that the actual payment of all or

---

[1]    Jose contends that the check was unauthenticated and inadmissible as hearsay, but the trial court admitted it into evidence without objection. Thus, his complaint is not preserved for appellate review. *See Serv. Corp. Int'l v. Guerra*, 348 S.W.3d 221, 234 (Tex. 2011) (citing TEX. R. APP. P. 33.1 and TEX. R. EVID. 103).

9

some of the installments of the note were later made out of separate funds of the husband would not affect the community ownership, but would merely give rise to a debt or charge in favor of his estate against the community . . . ."); TEX. FAM. CODE ANN. § 3.404(b) (West 2006 & Supp. 2015) ("A claim for reimbursement under this subchapter does not create an ownership interest in property, but does create a claim against the property of the benefited estate by the contributing estate."). Accordingly, we hold that the trial court did not abuse its discretion by considering this payment to be separate property in determining the just and right division of the marital estate and by denying Jose's motion for new trial, which raised the same contention.

## II.    Attorney's Fees

Jose next complains also that the trial court erred by awarding $10,000 in attorney's fees against him.  Attorney's fee awards in divorce cases are reviewed for an abuse of discretion.  *Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981) (citing *Carle v. Carle*, 234 S.W.2d 1002, 1005 (Tex. 1950)).  A trial court abuses its discretion in awarding attorney's fees if the resulting division is "manifestly unfair." *Mann v. Mann*, 607 S.W.2d 243, 245 (Tex. 1980).

At trial, Jose stipulated that $10,000 was a reasonable and necessary amount for Anita's attorney's fees.  But he contends that insufficient evidence supported the trial court's award of the attorney's fees as part of its division of the marital estate.

10

The trial court heard evidence, however, that the parties relied on Jose's businesses, which were community property, for their living. The court awarded those business assets to Jose in the divorce. Anita testified that Jose maintained complete control over the businesses and all of the other marital assets during the marriage, including the Twickenham home, which Anita moved out of upon their separation. After their separation, Anita testified that she received none of the income from the businesses. She introduced Moneygrams and photographs in support of her testimony that, during their marriage, Jose had diverted some of the business income to his family and to another woman, who was Jose's girlfriend and lived with his parents in Honduras. Anita testified that Jose sent the money more often after she requested the divorce and the parties had separated. We hold that the evidence supports the trial court's division of the marital estate favoring Anita, including its award of attorney's fees. *See Murff*, 615 S.W.2d at 699; *Mann*, 607 S.W.2d at 245; *In re Marriage of C.A.S. & D.P.S.*, 405 S.W.3d at 384 (Tex. App.—Dallas 2013, no pet.).

## CONCLUSION

We conclude that legally sufficient evidence supports the trial court's division of the marital estate. We therefore affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Justices Bland, Brown, and Lloyd.