**Opinion issued October 22, 2019**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-18-00547-CV**

_____

**RANDY MOORE, Appellant**

**V.**

**SANDRA FAYE JORDAN, Appellee**

---

**On Appeal from the 311th District Court**
**Harris County, Texas**
**Trial Court Case No. 2016-78225**

---

**MEMORANDUM OPINION**

Appellant, Randy Moore, contests the division of property contained in the

final decree of divorce dissolving his marriage to Sandra Faye Jordan. In three issues

on appeal, Moore contends the trial court abused its discretion by: (1) characterizing

certain property as community property rather than as his separate property, (2) denying his motion for new trial, and (3) awarding a disproportionate share of the community estate to Jordan. We affirm.

## BACKGROUND

Moore and Jordan were married for over 10 years when Jordan filed for divorce. There were no children of the marriage. Jordan requested that she be awarded a disproportionate share of the community estate based upon Moore's fault in the breakup of the marriage. Moore filed a counterpetition, alleging that the marriage was insupportable and that Jordan had committed adultery.

The trial court held a bench trial, at which both parties testified. Jordan was represented by counsel; Moore represented himself pro se.

### 1. *Grounds for the Divorce and Moore's Separate Property*

After hearing evidence from both parties, the trial court (1) granted the divorce based on insupportability and Moore's infidelity and cruel treatment toward Jordan, and (2) found that Jordan was entitled to a disproportionate share of the community property. The trial court also confirmed as Moore's separate property 100% of his retirement account earned prior to the date of the marriage and real property located at 2055 Nora Street, Beaumont, TX and 7605 Glass Street, Houston, TX.

### 2. *The Division of Community Property*

The trial court divided the community property as follows:

2

Assets to Jordan: (1) personal effects in her possession, (2) cash in her possession or subject to her sole control, (3) a vehicle, (4) 100% of her retirement accounts, (5) 50% of Moore's retirement accounts accruing after the date of their marriage, and (6) 100% of the marital home located at 7825 and 7829 Pointer Street, Houston, TX.

Debts to Jordan: (1) all debts incurred by her unless otherwise specified, (2) all credit card debt in her name solely, and (3) the mortgage and taxes associated with the marital residence located at 7825 and 7829 Pointer Street, Houston, TX.

Assets to Moore: (1) personal effects in his possession, (2) cash in his possession or subject to his sole control, (3) five vehicles, (4) 50% of his retirement accounts accruing after the date of the marriage, (5) Lots 1 & 2 on Levander Street and a lot on Tampico Street.

Debts to Moore: (1) all debts incurred by him unless otherwise specified, (2) all credit card debt in his name only, (3) the mortgage and taxes associated with lots 1 & 2 on Levander Street and the lot on Tampico Street.

### 3. *Motion for New Trial*

Dissatisfied with the judgment, Moore hired counsel to file a motion for new trial. His motion requested that the trial court "grant a new trial in the interest of justice and fairness" so that he could "relitigate the issue of the court's rendition and awarding Sandra Faye Jordan the properties located at 7829 Pointer Street and 7825

3

Pointer Street, Houston, Texas 77016." Moore attached an affidavit to his motion for new trial in which he claimed that the Pointer Street properties were his separate property because he entered into an earnest money contract for their purchase before the date of the marriage. His affidavit requested "that [the] Court grant me a new trial in the interest of justice, so that I may present the proper evidence to rebut any presumption that the property located at 7829 Pointer St. and 7825 Pointer St., Houston, Texas 77016 is community property[.]"

The trial court held a hearing on the motion for new trial, at which both Moore and Jordan testified. Moore also introduced an earnest money contract for the Pointer Street properties, which he claimed showed that inception of title occurred before the date of the marriage.

The trial court denied Moore's motion for new trial and this appeal followed.

## CHARACTERIZATION OF PROPERTY

In his first issue on appeal, Moore contends that "the trial court abuse[d] its discretion in characterizing the properties located at 7825 and 7829 Pointer St. as community property."

### 1. Standard of Review and Applicable Law

"We review a trial court's division of property under an abuse of discretion standard." *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied) (citing *LaFrensen v. LaFrensen*, 106 S.W.3d 876, 878 (Tex. App.—Dallas

4

2003, no pet.)). "[I]n family law cases, the abuse of discretion standard of review overlaps with the traditional sufficiency standard of review; as a result, legal and factual insufficiency are not independent grounds of reversible error, but instead constitute factors relevant to our assessment of whether the trial court abused its discretion." *Moroch*, 174 S.W.3d at 857 (citing *Boyd v. Boyd*, 131 S.W.3d 605, 611 (Tex. App.—Fort Worth 2004, no pet.); *Beaumont Bank N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991)). Thus, to determine whether the trial court abused its discretion because the evidence is legally or factually insufficient to support the trial court's decision, we engage in a two-pronged inquiry: (1) did the trial court have sufficient evidence upon which to exercise its discretion, and (2) did the trial court err in its application of that discretion. *Moroch*, 174 S.W.3d at 857. "The applicable sufficiency review comes into play with regard to the first question." *Id.* (citing *Boyd*, 131 S.W.3d at 611). We must then determine whether, based on the evidence, the trial court made a reasonable decision. *Id.* Stated another way, the party challenging the trial court's characterization must first establish error by challenging the legal or factual sufficiency of the evidence to support the property's characterization and must then show that because of the mischaracterization, the trial court abused its discretion. *See Viera v. Viera*, 331 S.W.3d 195, 207 (Tex. App.— El Paso 2011, no pet.).

Property possessed by either spouse during or on dissolution of marriage is presumed to be community property. TEX. FAM. CODE § 3.003(a)). To overcome the community property assumption, a party claiming marital property as separate property must prove the claim with clear and convincing evidence. *Id.* § 3.003(b). Clear and convincing evidence is defined as that "measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE § 101.007; *see also Garza v. Garza*, 217 S.W.3d 538, 548 (Tex. App.—San Antonio 2006, no pet.).

Under the inception-of-title rule, the characterization of property as separate or community is determined by its character at inception. *See Leax v. Leax*, 305 S.W.3d 22, 33 (Tex. App.—Houston [1st Dist.] 2009, pet. denied); *McClary v. Thompson*, 65 S.W.3d 829, 834 (Tex. App.—Fort Worth 2002, pet. denied). Inception of title is the time at which a party first has a right of claim to the property by virtue of which title is finally vested. *Smith v. Smith*, 22 S.W.3d 140, 145 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (citing *Strong v. Garrett*, 224 S.W.2d 471, 474 (Tex. 1949)).

### 2. *Analysis*

At trial, Jordan testified that Exhibit 9, her Proposed Requested Relief and Division of Property, included all the property that she and Moore had acquired during the marriage. Included on Exhibit 9 were the properties located at 7825 and

6

7829 Pointer Street. Exhibit 7, Jordan's Inventory and Appraisal, also included the properties located at 7825 and 7829 Pointer Street, and Jordan testified that Exhibit 7 "is a description of all of the property that [she] and Mr. Moore acquired during [their] marriage." Thus, there was evidence, which is undisputed, that the properties at 7825 and 7829 Pointer Street were in the parties' possession during or on dissolution of their marriage, thereby giving rise to a presumption that those properties were community property. *See* TEX. FAM. CODE § 3.003(a)).

Moore argues that "[n]either party establishes the characterization of 7825 and 7829 Pointer St.," and points out that neither Exhibit 7 nor Exhibit 9 specifically referred to the properties as "community property," even though Jordan asked that they be included in the property division. However, Jordan had no burden to prove the properties were community; the community-property presumption did that.[1]

The application of that presumption shifted the burden to Moore to show by clear and convincing evidence that those properties were, in fact, his separate property under the inception-of-title rule. *See id.* § 3.003(b); *Cockerham v.*

---

[1] A presumption is a procedural device by which the existence of one fact is assumed from evidence of the existence of another fact. *See Empire Gas & Fuel Co. v. Muegge*, 143 S.W.2d 763, 767–68 (1940). If a presumed fact is not rebutted by contradictory evidence, the trier of fact is required to reach a particular conclusion. *Temple Indep. Sch. Dist. v. English*, 896 S.W.2d 167, 169 (Tex. 1995). The opponent has to produce evidence in rebuttal to support a finding of the nonexistence of the presumed fact, at which time the presumed fact disappears. *Id.*

7

*Cockerham*, 527 S.W.2d 162, 167 (Tex. 1975) (holding party can rebut community-property presumption by tracing and identifying separate property).

However, in his appellate brief, Moore "concedes he didn't establish during trial that 7829 [&] 7825 Pointer St. Houston, Texas was his separate property." And, in fact, a review of the record shows that Moore did not attempt to introduce any evidence at trial to establish that inception of title to these properties occurred before the marriage. Because there was no evidence, clear-and-convincing or otherwise, to rebut the community-property presumption, the trial court did not abuse its discretion in classifying the 7835 and 7839 Pointer Street properties as community property.

Accordingly, we overrule issue one.

## MOTION FOR NEW TRIAL

In his second issue on appeal, Moore contends that the trial court erred in denying his motion for new trial. Specifically, he asserts that the trial court should have granted him a new trial so that he could present evidence that the Pointer Street properties were his separate property.

### 1. *Background*

After the trial court classified the Pointer Street properties as community property and included it in the property division, Moore obtained counsel and filed a Motion for New Trial. In his motion, Moore asked the court to "grant a new trial

in the interest of justice and fairness," asserting that "[t]he properties awarded to Sandra Faye Jordan are not community property but the separate property of Randy David Moore." In the motion, Moore stated, "Respondent-Movant does recognize that he did not provide this Court with not only enough but probably any information which could have produced a different outcome." Attached to his motion was his own affidavit, in which he stated: "Sandra Faye Jordan and I married on or about March 12, 2006. Prior to our marriage, I had paid the earnest money to Wells Fargo to purchase the home located at 7829 Pointer St. and 7825 Pointer St., Houston, Texas 77016, which was in foreclosure." Moore further stated, "I am requesting that this Court grant me a new trial in the interest of justice, so that I may present the proper evidence to rebut any presumption that the property located at 7829 Pointer St. and 7825 Pointer St., Houston, Texas 77016 is community property of both myself and Sandra Faye Jordan."

During a hearing on Moore's motion, he introduced an earnest money contract, which he alleged established that inception of title for those properties occurred before the date of his marriage.

The trial court denied his motion for new trial.

### 2. *Standard of Review*

We review a trial court's ruling on a motion for new trial under an abuse of discretion standard. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex.

9

2010); *see Bank One, Tex., N.A. v. Moody*, 830 S.W.2d 81, 85 (Tex. 1992). To determine whether the trial court abused its discretion, we must decide "whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable." *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). We view the evidence submitted to the trial court in the light most favorable to the court's ruling, draw all legitimate inferences from the evidence, and defer to the trial court's resolution of conflicting evidence. *Intercontinental Terminals Co. v. Vopak N. Am., Inc.*, 354 S.W.3d 887, 892 (Tex. App.—Houston [1st Dist.] 2011, no pet.). A trial court does not abuse its discretion about factual matters so long as some evidence reasonably supports its decision. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002).

### 3. Analysis

Moore claims that he presented uncontroverted evidence, via his affidavit in support of his motion for new trial, that inception of title for the Pointer Street properties occurred on February 13, 2006, which was before the date of their March 12, 2006 marriage. There are instances in which the date of an earnest money contract may be sufficient to establish inception of title.[2] However, Moore's proof in this case falls short.

---

[2] *See e.g.*, *Carter v. Carter*, 736 S.W.2d 775, 779–80 (Tex. App.—Houston [14th Dist.] 1987, no writ); *Wierzchula v. Wierzchula*, 623 S.W.2d 730, 732 (Tex. Civ. App.—Houston [1st Dist.] 1981, no writ).

10

At the hearing on the motion for new trial, Moore introduced copies of the earnest money contract for the Pointer Street properties. He also elicited testimony from Jordan that there was a February 13, 2006 date on the document, and that she was married approximately a month later, on March 12, 2006. Moore also testified that he entered the earnest money contract on the Pointer Street properties on February 13, 2006.

However, the earnest money contract itself, which was admitted as Exhibit 1 at the Motion for New Trial Hearing, shows that it was executed and had an effective date of August 2, 2006, after the date of the marriage. Likewise, the contract and earnest money receipt also shows that the earnest money was tendered to the title company on August 2, 2006. The earnest money contract shows a closing date of August 25, 2006. The only place that the February 13, 2006 date appears on the earnest money contract is in the top right corner of the each page, indicating that the Texas Real Estate Commission promulgated the form used for the contract on that date. The August 2, 2006 signing date and receipt for the earnest money is "some evidence" that reasonably supports the trial court's conclusion that appellant did not present clear and convincing evidence to rebut the community-property presumption.

As such, the trial court did not abuse its discretion in denying Moore's motion for new trial. We overrule issue two.

## DISPROPORTIONATE AWARD

In issue three, Moore contends the trial court erred in awarding a disproportionate share of the community estate to Jordan. He claims that because Jordan was awarded 100% of the most valuable property—the marital home on the Pointer Street properties—the resulting split of the community was 80% to Jordan and 20% to him and was "a punishment instead of a just and fair division."

### 1. *Standard of Review and Applicable Law*

We review a trial court's division of marital property for an abuse of discretion. *See Barras v. Barras*, 396 S.W.3d 154, 164 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). The trial court has broad discretion when dividing the marital estate at divorce, and we must indulge every reasonable presumption in favor of the trial court's proper exercise of its discretion. *See Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981). "To disturb a trial court's division of property, a party must show that the court clearly abused its discretion by a division or an order that is manifestly unjust or unfair." *Barras*, 396 S.W.3d at 164. A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without any reference to guiding rules and principles. *See Worford*, 801 S.W.2d at 109. Each spouse has the burden to present sufficient evidence of the value of the community estate to enable the trial court to make a just and right division. *Finch v. Finch*, 825 S.W.2d 218, 221 (Tex. App.—Houston [1st Dist.] 1992, no writ).

If the evidence demonstrates a reasonable basis for doing so, a trial court may order a disproportionate division of the community property. *Murff*, 615 S.W.2d at 698–99. Various factors are relevant and may properly be considered in dividing the community-property estate under Family Code section 7.001. *See id.* at 699. These non-exclusive *Murff* factors include: (1) the nature of the property; (2) the disparity of incomes or earning capacities; (3) the parties' business opportunities; (4) the parties' relative financial condition and obligations; (5) the parties' education and physical condition; (6) the disparity in ages; (7) fault in the break-up of the marriage; (8) the benefit the innocent spouse would have received had the marriage continued; (9) the size of any separate estates; and (10) the probable need for future support. *See id.* The value of a community asset on which there is disputed evidence is a question of fact. *See* TEX. FAM. CODE § 6.711(a).

A trial court may also take fault into consideration when dividing an estate. *Nowzaradan v. Nowzaradan*, No. 01–05–00094–CV, 2007 WL 441709, at *7 (Tex. App.—Houston [1st Dist.] Feb. 8, 2007, no pet.) (mem. op.) (citing *Murff*, 615 S.W.2d at 698). In a fault-based divorce, the trial court may consider the conduct of the errant spouse when making a disproportionate distribution of the marital estate. *See In re Marriage of C.A.S.*, 405 S.W.3d 373, 384 (Tex. App.—Dallas 2013, no pet.); *see, e.g.*, *In re K.R.C.*, No. 05–13–01419–CV, 2015 WL 7731784, at *4 (Tex.

13

App.—Dallas Dec. 1, 2015, pet. denied) (mem. op.) (affirming trial court's disproportionate division of community property based on adultery finding).

To determine whether the assets of the community estate were divided in a "just and right" manner, an appellate court must have the trial court's findings on the value of those assets. *Brown v. Wokocha*, 526 S.W.3d 504, 507 (Tex. App.—Houston [1st Dist.] 2017, no pet.); *Vasudevan v. Vasudevan*, No. 14-14-00765-CV, 2015 WL 4774569, at *4 (Tex. App.—Houston [14th Dist.] Aug. 13, 2015, no pet.) (mem. op.) (citing *Wells v. Wells*, 251 S.W.3d 834, 840–41 (Tex. App.—Eastland 2008, no pet.)). Without findings of fact, the appellate court does not know the basis for the division, the values assigned to the community assets, or the percentage of the marital estate that each party received. *Brown*, 526 S.W.3d at 507; *Wells*, 251 S.W.3d at 840–41. Property inventories filed by the parties cannot serve as a substitute for findings of fact by the trial court. *Brown*, 526 S.W.3d at 507. In the absence of trial court findings, we presume the trial court made all the necessary findings to support its judgment. *Id.* Thus, if a party does not request findings of fact from the trial court, a party cannot establish whether the trial court intended the division to be equal or disproportionate, and if disproportionate, what factors the trial court found to warrant an unequal distribution if one was intended. *Id.* at 507–08; *Wade v. Wade*, No. 01-13-00912-CV, 2014 WL 3398393, at *4 (Tex. App.—

14

Houston [1st Dist.] July 10, 2014, no pet.) (mem. op.) (citing *Tate v. Tate*, 55 S.W.3d 1, 10 (Tex. App.—El Paso, 2000, no pet.)).

### 2. Analysis

Here, Moore did not request, and the trial court did not file, findings of fact regarding the values attached to the community properties or debts assigned to each party. Without findings of fact, it is impossible for us to determine that the trial court abused its discretion in its division of the community property. *Brown*, 526 S.W.3d at 508; *Vasudevan*, 2015 WL 4774569, at *4. Because we do not know what value the trial court assigned to the community property assets or debts, or the percentage of the marital estate awarded to each party, we cannot conclude that the trial court abused its discretion in dividing the marital estate. *Brown*, 526 S.W.3d at 508; *see Vasudevan*, 2015 WL 4774569, at *4 (rejecting appellate complaint about disproportionate division of marital estate because appellant did not request findings of fact showing value trial court assigned to community assets or percentage of marital estate awarded to each party); *Hallum*, 2010 WL 4910232, at *6 (holding same).

We also note that the trial court relied on several of the *Murff* factors when it determined that Jordan was entitled to a disproportionate share of the community property. Specifically, the trial court's judgment notes that "the marriage is dissolved on fault grounds of Respondent RANDY DAVID MOORE'S infidelity

and cruel treatment toward's [sic] Petitioner SANDRA FAYE JORDAN[,]" and that "Petitioner SANDRA FAY JORDAN is entitled to a disproportionate share of the parties' estate due to fault in the breakup in the marriage, benefits the innocent spouse may be derived from the continuation of the marriage; the disparity of the earning power of the spouses and their ability to support themselves; and earning power, business opportunities, capacities, and abilities of spouses."

Moore does not challenge any of the *Murff* factors or the infidelity finding in the judgment. *See In re K.R.C.*, 2015 WL 7731784, at *4 (holding finding of adultery can support disproportionate distribution of community property); *see also Christensen v. Christensen*, No. 01-16-00735-CV, 2018 WL 1747260, at *8 (Tex. App.—Houston [1st Dist.] Apr. 12, 2018, no pet.) (noting same).

Accordingly, we overrule issue three.

## CONCLUSION

We affirm the trial court's judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Keyes and Goodman.

16